UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTTY G. REYNOLDS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:22-cv-01020-JAR |
| CHRIS CLASS, et al., | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Scotty G. Reynolds' pro se Petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Respondents, the Director of the Missouri Department of Mental Health and the Honorable Judge Terry Tschannen of Missouri's Ninth Judicial Circuit, have filed their Response to the Court's Order to show cause. ECF No. 20. The Court granted Petitioner's pro se motion for leave to refrain from filing a reply to the Respondents' Response, and Plaintiff did not file a reply. ECF No. 18. Respondents later filed a Supplemental Response. ECF No. 30. The matter is now fully briefed and ready for disposition. For the reasons stated below, the Court will dismiss the Petition.

Petitioner filed his pro se Petition for Writ of Habeas Corpus on September 12, 2022, while awaiting trial in an underlying state criminal prosecution, *State v. Scotty G. Reynolds*, No. 20LI-CR00445 (9th Cir. Ct., Linn Cnty, Mo.). Petitioner raises four grounds for relief related to his pre-trial detention. First, he raises an issue with a pre-trial mental examination regarding his competency to stand trial. Second, he raises an issue related to revocation of his bond while awaiting trial. Third, he raises issues with his pre-trial arrest in Greene County, Missouri. Finally, he raises issues with his pre-trial detention at the Cooper County Detention Center ("CCDC") in 2021 and 2022. ECF No. 1.

Respondents explain in their supplemental response that each of Petitioner's grounds for relief are now moot following his conviction. ECF Nos. 30. Petitioner was tried and convicted in a jury trial in Linn County, Missouri on June 14, 2023. ECF No. 30-1. Petitioner is currently housed at the Randolph County Detention Center ("RCDC") awaiting sentencing.

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) (citing *Missouri ex rel. Nixon v. Craig*, 163 F.3d 482, 484 (8th Cir. 1998)); *see also* U.S. CONST. art. III, § 2, cl. 1. If "the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005). "Due to the limited focus of pretrial 28 U.S.C. § 2241 petitions, such petitions become moot upon petitioner's conviction." *Williams v. Redington*, No. 2:22-cv-60, 2023 WL 2734217, at *3 (E.D. Mo. Mar. 31, 2023) (citing *Williams v. Slater*, 317 F. App'x. 723, 724–25 (10th Cir. 2008); *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1998); *Thorne v. Warden, Brooklyn House of Detention of Men*, 479 F.2d 297, 299 (2d Cir. 1973); and *Williams v. Glass*, No. 4:20-cv-1451, 2021 WL 1020317, at *4 (E.D. Mo. Mar. 17, 2021).

Since filing this habeas Petition under 28 U.S.C. § 2241, Petitioner was convicted. The Court agrees that Petitioner's conviction renders any issues related to his pre-trial detention moot. Therefore, Petitioner's pre-trial Petition for writ of habeas corpus must be dismissed.

Nothing in this memorandum and order should be construed as precluding Petitioner from filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 once he has fully exhausted his state remedies.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's pro se Petition for writ of habeas corpus is **DISMISSED with prejudice**. A separate order of dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 18th day of August, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE